# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CASIO COMPUTER CO., LTD., ) | |
| ) | Case No.  23-cv-0953 |
| Plaintiff, ) | |
| ) | Judge |
| v. ) | |
| ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED ) | |
| LIABILITY COMPANIES, PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS IDENTIFIED ) | |
| ON SCHEDULE "A", ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff CASIO COMPUTER CO., LTD ("CASIO," "CASIO COMPUTER CO." or "Plaintiff"), through undersigned counsel, hereby complains of the Partnerships, Unincorporated Associations and others identified in Schedule A attached hereto (collectively, "Defendants"), and for its Complaint hereby alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Patent Act, 35 U.S.C. § 1, *et. seq.;* the Illinois Uniform Deceptive trade Practices Act, 815 ILCS § 510; 28 U.S.C. § 1338(a) - (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's Trademarks and Patented Designs. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing counterfeit versions of Plaintiff's federally registered Trademarks and Patented Designs to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3.      This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the same unauthorized and unlicensed products, namely digital watches that infringe the Casio and G-Shock Trademarks identified in Group Exhibit 1 (the "CASIO Trademarks" or "Trademarks") and one or more of the U.S. Design Patents identified in Group Exhibit 2 (the "Patented Designs" or "Designs") (collectively, the "Infringing Products").

4.      The Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff's products, while selling inferior imitations of Plaintiff's products. The Defendant Internet Stores share unique identifiers, such as design elements and

similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's registered Trademarks and Patented Designs, as well as to protect unknowing consumers from purchasing unauthorized CASIO Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable Trademarks and Patented Designs as a result of Defendants' actions and seeks injunctive and monetary relief.

5.     This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

## THE PLAINTIFF

6.     Plaintiff CASIO COMPUTER CO., LTD. is a Japanese corporation with a place of business at 6-2, Hon-machi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.

7.     CASIO COMPUTER CO. is in the business of developing, marketing, selling and distributing CASIO Products. CASIO is a Japanese multinational electronics manufacturing corporation. It was founded in 1946, and in 1983 introduced the world's first shock resistant digital watch. CASIO is best known for its electronic (including scientific) calculators, electronic musical instruments, and affordable digital watches incorporating innovative technology. Today,

CASIO is most known for making durable and reliable electronic products. CASIO COMPUTER CO. is the official source of CASIO Products:

https://www.casio-intl.com/asia/en/wat/



8.      The CASIO Trademarks and Patented Designs are and have been the subject of substantial and continuous marketing and promotion by Plaintiff.  Plaintiff has and continues to widely market and promote the CASIO Trademarks and Patented Designs in the industry and to consumers.  Plaintiff's promotional efforts include — by way of example, but not limitation — website and social media sites, and point of sale materials.

9.      Among the purchasing public, genuine CASIO Products are instantly recognizable as such. In the United States and around the world, the CASIO brand has come to symbolize high quality, and CASIO Products are among the most recognizable digital watches in the world.

10.     Plaintiff is the owner of the U.S. registered trademarks CASIO and G-SHOCK which are identified in Group Exhibit 1.

11.     Plaintiff's registrations (the "CASIO Trademarks") are valid, subsisting, and in full force and effect.

12.     The CASIO Trademarks are distinctive and identify merchandise as goods from CASIO COMPUTER CO., LTD or its duly authorized licensees.

13.     The registered CASIO Trademarks have been continuously used and never abandoned.

14.     CASIO Products are known for their distinctive patented designs. These designs are broadly recognized by consumers. Digital watches embodying this design are associated with the quality and innovation that the public has come to expect from CASIO Products. Plaintiff uses these designs in connection with its CASIO Products, including, but not limited to one or more of the U.S. Design patents identified in Group Exhibit 2, herein referred to as the "CASIO Patented Designs."

15.     Plaintiff is the lawful assignee of all right, title, and interest in and to the CASIO Patented Designs.

16.     Plaintiff has not granted a license or any other form of permission to Defendants with respect to the CASIO Trademarks and Patented Designs.

17.     Plaintiff's Trademarks and Patented Designs are distinctive when applied to Plaintiff's Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufactures the products itself or licenses others to do so, Plaintiff has ensured that products bearing its Trademarks and Patented Designs are manufactured to the highest quality standards.  Plaintiff's Trademarks have

achieved fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with Plaintiff's Trademarks and Patented Designs is incalculable and of inestimable value to Plaintiff.

18.     Plaintiff's Trademarks qualify as famous marks, as used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

19.     Plaintiff has expended substantial time, money and other resources in developing, advertising, and otherwise promoting its Trademarks and Patented Designs. As a result, products bearing the Trademarks and Patented Designs are widely recognized and exclusively associated by consumers, the public and the trade as being products sourced from Plaintiff. Plaintiff's Products have become famous worldwide.

## THE DEFENDANTS

20.     Defendants are individuals and business entities who, upon information and belief, reside primarily in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit CASIO Products to consumers within the United States, including Illinois and in this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

21.     The success of the CASIO brand has resulted in its counterfeiting. Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer and eBay, PayPal, Wish, Amazon, Alipay and DHgate, including the

Defendant Internet Stores, which were offering for sale, selling, and importing counterfeit CASIO Products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2017 was over $1.21 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

22.     Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine CASIO Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Alipay, Amazon, Wish, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

23.     Plaintiff has not licensed or authorized Defendants to use the CASIO Trademarks and Patented Designs, and none of the Defendants are authorized retailers of genuine CASIO Products.

24.     Upon information and belief, Defendants also deceive unknowing consumers by using the CASIO Trademarks and Patented Designs without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for CASIO Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Store listings show up at or near the top of relevant search results and misdirect consumers searching for genuine CASIO Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.  As such, Plaintiff also seeks to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell counterfeit CASIO Products.

25.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

26.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, the counterfeit CASIO Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit CASIO Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

27.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

28.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and Alipay, Amazon, Wish, and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their Alipay, Amazon, Wish, and PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of Alipay, Amazon, Wish, and PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based Alipay, Amazon, Wish, and PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

29.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the CASIO Trademarks and Patented Designs in connection with the advertisement, distribution, offering for sale, and sale of counterfeit CASIO Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, each Defendant has offered to sell counterfeit CASIO Products into the United States, including Illinois.

30.     Defendants' use of the CASIO Trademarks and Patented Designs in connection with the advertising, distribution, offering for sale, and sale of counterfeit CASIO Products, including the sale of counterfeit CASIO Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

31.     Plaintiff repeats and incorporates by reference herein the allegations contained

in paragraphs 1-30 of this Complaint.

32.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of Plaintiff's registered Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. Plaintiff's Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under its Trademarks.

33.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with Plaintiff's trademarks without Plaintiff's permission.

34.     Plaintiff is the registered owner of the CASIO Trademarks (Group Exhibit 1). The United States Registrations for Plaintiff's Trademarks are in full force and effect.  Upon information and belief, Defendants have knowledge of Plaintiff's rights in its Trademarks and are willfully infringing and intentionally using Plaintiff's Trademarks on counterfeit products. Defendants' willful, intentional, and unauthorized use of Plaintiff's Trademarks are likely to cause and are causing confusion, mistake, and deception as to the origin and quality of the counterfeit products among the general public.

35.     Defendants'    activities    constitute    willful    trademark    infringement    and counterfeiting under 15 U.S.C. §§ 1114, 1117.

36.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit Plaintiff's products.

37.    Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Trademarks.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

38.    Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-37 of this Complaint.

39.    Defendants' promotion, marketing, offering for sale, and sale of counterfeit products have created and are creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit products by Plaintiff.

40.    By using Plaintiff's Trademarks in connection with the sale of counterfeit products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products.

41.    Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit products to the general public under 15 U.S.C. §§ 1114, 1125.

42.    Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## INFRINGEMENT OF UNITED STATES DESIGN PATENTS
### (35 U.S.C. § 271)

43.     Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-42 of this Complaint.

44.     Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental Designs claimed in the CASIO Patented Designs.

45.     Defendants have infringed the CASIO Patented Designs through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

46.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1, et seq.)

47.     Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-46 of this Complaint.

48.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit products as those of Plaintiff, causing likelihood of confusion and/or misunderstanding as to the source of its goods, causing likelihood of confusion and/or

13

misunderstanding as to an affiliation, connection, or association with genuine products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates likelihood of confusion or misunderstanding among the public.

49.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 et seq.

50.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to his reputation and goodwill.  Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1)  That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from:

    a.  using the CASIO Trademarks and Patented Designs or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not genuine CASIO Products or is not authorized by Plaintiff to be sold in connection with the CASIO Trademarks and Patented Designs;

    b.  passing off, inducing, or enabling others to sell or pass off any products as genuine CASIO Products or any other products produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the CASIO Trademarks and Patented Designs;

c.  committing any acts calculated to cause consumers to believe that Defendants' counterfeit CASIO Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  further infringing the CASIO Trademarks and Patented Designs and damaging Plaintiff's goodwill;

e.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any trademarks and patented designs of Plaintiff, including the CASIO Trademarks and Patented Designs, or any reproductions, counterfeit copies, or colorable imitations thereof;

f.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit CASIO Products; and

g.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the CASIO Patented Designs and Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that are not genuine CASIO Products or not authorized by Plaintiff to be sold in connection with the CASIO Trademarks and Patented Designs; and

2)   That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to filed with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through g, above;

3)   Entry of an Order that, at Plaintiff's choosing, the registrant of the Defendant Domain Names registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry shall disable the Defendant Domain Names and make them inactive and untransferable;

4)   Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer and eBay, PayPal, Wish, Amazon, Alipay and DHgate, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

a.   disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit CASIO Products using the CASIO Trademarks and Patented Designs, including any accounts associated with the Defendants listed in Schedule A;

b.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit CASIO Products using the CASIO Trademarks and Patented Designs; and

c.   take all steps necessary to prevent links to the Defendant Domain Names identified in Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the CASIO Patented Designs be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

6) In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the CASIO Patented Designs pursuant to 35 U.S.C. § 289;

7) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's Trademarks are increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

8) In the alternative, Plaintiff is awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of its Trademarks;

9) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

10) Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

Dated: February 16, 2023

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
CASIO COMPUTER CO., LTD.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing

Complaint was filed electronically with the Clerk of the Court and served on all counsel of

record and interested parties via the CM/ECF system on February 16, 2023.


    s/Michael A. Hierl